IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**IVAN L. MENDEZ, et al.,**

    **Plaintiffs/Petitioners,**

v.                                            **No. CV 12-0282 RB/ACT**

**ONE OF THE CONECTED [sic], WIRED
MEMBERS OF A BIG INTERNATIONAL
CRIMINAL ORGANIZATION, et al.,**

    **Defendants/Respondents.**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). Under the provisions of § 1915(g), the Court will deny Plaintiff's IFP motion. And because Plaintiff has not complied with filing restrictions previously imposed, the Court will dismiss the complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards

applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

On appeal from the dismissal of an earlier complaint, the Court of Appeals for the Tenth Circuit found that Plaintiff was barred by the three-strikes provisions of 28 U.S.C. § 1915(g) from proceeding IFP.  *See Mendez v. National Railroads of Mexico*, No. 10-2145, slip ord. (10th Cir. June 25, 2010) (https://ecf.ca10.uscourts.gov/).  The pertinent statutory subsection reads:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous . . . or fails to state a claim . . . , unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g).  In accordance with the Tenth Circuit's ruling noted above, the Court will deny Plaintiff leave to proceed in forma pauperis.

Furthermore, this Court dismissed Plaintiff's previous complaint in *Mendez v. One of the Conected* [sic]*, Wired Members of a Big International Criminal Organization, et al.*, No. CV 10-0554 BB/WDS, Docs. 4, 5, and entered filing restrictions against him.  Because Plaintiff's current complaint does not comply with a number of the filing requirements imposed in the prior case, the Court will dismiss the complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Application Forma Pauperis (Doc. 2) is **DENIED**, Plaintiff's complaint is **DISMISSED** with prejudice, and judgment will be entered.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**